## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, *on behalf of himself and others similarly situated*, | CASE NO. 9:25-cv-80069-RLR |
| *Plaintiff(s),* | |
| v. | |
| OFFICE DEPOT, LLC, | |
| *Defendant(s).* | |

## DEFENDANT, OFFICE DEPOT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Office Depot, LLC, ("Office Depot" or "Defendant") by and through the undersigned counsel, submits this, its Answer and Affirmative Defenses to the Class Action Complaint (ECF No. 1 - the "Complaint") of Plaintiff, Andrew James McGonigle ("Mr. McGonigle" or "Plaintiff").  Office Depot expressly denies each and every allegation not expressly admitted herein.

### NATURE OF THE ACTION

1. Defendant admits to the nature of the action set out in paragraph 1 of the Complaint, however, denies that any violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA") occurred.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Defendant admits that this Court has federal question subject matter jurisdiction, however, it denies that any violation of the TCPA occurred and further denies all remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that venue is proper in this District, however, it denies all remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

## PARTIES

6. Defendant is without knowledge as to the allegations contained in paragraph 6 of the Complaint, and therefore, denies the same.

7. Defendant admits that it is a limited liability company with its principal place of business in this District, however, it denies all remaining allegations contained in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Defendant is without knowledge as to the allegations contained in paragraph 8 of the Complaint, and therefore, denies the same.

9. Defendant is without knowledge as to the allegations contained in paragraph 9 of the Complaint, and therefore, denies the same.

10. Defendant is without knowledge as to the allegations contained in paragraph 10 of the Complaint, and therefore, denies the same.

11. Defendant is without knowledge as to the allegations contained in paragraph 11 of the Complaint, and therefore, denies the same.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant is without knowledge as to the allegations contained in paragraph 15 of the Complaint, and therefore, denies the same.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

## CLASS ACTION ALLEGATIONS

21. In response to paragraph 21 of the Complaint, Defendant admits solely that Plaintiff attempts to bring this action under Fed. R. Civ. P. 23 as a class action for alleged violation of the TCPA. However, in response to the remaining allegations of paragraph 21 of the Complaint, Defendant denies that Plaintiff or any proposed class member has any valid claim for relief, under the TCPA or otherwise, or that any valid class has been stated or may be determined in this action.

22. In response to paragraph 22 of the Complaint, Defendant admits solely that Plaintiff purports to exclude Defendant and its employees from Plaintiff's proposed class. However, in response to the remaining allegations of paragraph 22 of the Complaint, Defendant denies that Plaintiff or any proposed class member has any valid claim for relief, under the TCPA or otherwise, or that any valid class has been stated or may be determined in this action.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant is without knowledge as to the allegations contained in paragraph 35 of the Complaint, and therefore, denies the same.

36. Defendant is without knowledge as to the allegations contained in paragraph 36 of the Complaint, and therefore, denies the same.

37. Defendant is without knowledge as to the allegations contained in paragraph 37 of the Complaint, and therefore, denies the same.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 and all its subparts (a)-(d) of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

## Count I
## VIOLATION of 47 U.S.C. § 227(c)(5)

49. Defendant reincorporates its responses to paragraphs 1-48 of the Complaint as if fully set forth herein.

50. Defendant states that paragraph 50 of the Complaint contains no allegations against Defendant and as such no response is required. To the extent a response is required, Defendant admits that paragraph 50 cites *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) for the statement that telephone numbers placed on the DNC registry are presumed to be residential, otherwise denies any allegations contained in paragraph 50 of the Complaint.

51. Defendant states that paragraph 51 of the Complaint contains no allegations against Defendant and as such no response is required. To the extent a response is required, Defendant admits that paragraph 51 quotes in part *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) and *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) for the statement that a text message is a call as defined by the TCPA, otherwise denies any allegations contained in paragraph 51 of the Complaint.

52. Defendant states that paragraph 52 of the Complaint contains no allegations against Defendant and as such no response is required. To the extent a response is required, Defendant admits that paragraph 52 quotes, in part, 47 C.F.R. § 64.1200(c) otherwise denies any allegations contained in paragraph 52 of the Complaint.

53. Defendant states that paragraph 53 of the Complaint contains no allegations against Defendant and as such no response is required. To the extent a response is required, Defendant admits that paragraph 53 quotes, in part, 47 C.F.R. § 64.1200(e) otherwise denies any allegations contained in paragraph 53 of the Complaint.

54. Defendant states that paragraph 54 of the Complaint contains no allegations against Defendant and as such no response is required. To the extent a response is required, Defendant admits that paragraph 54 quotes, in part, 47 C.F.R. § 227(c) otherwise denies any allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief sought in the Prayer for Relief or the Wherefore clause and all subparts (a) - (j) of the Wherefore clause of the Complaint.

### JURY DEMAND

Defendant acknowledges Plaintiff's demand for a jury trial, and also demands a trial by jury on all issues properly triable to a jury presented herein.

### AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to the causes of action asserted in the Complaint and reserves the right to supplement or amend these defenses with additional defenses developed through discovery:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under the TCPA against Office Depot upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff and members of the putative class have not suffered actual damages due to any alleged

violations of the TCPA and/or Plaintiff or any member of the putative class lacks statutory, prudential, and/or Article III standing, and to the extent subject matter jurisdiction does not exist.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, and the damages of the putative class members, if any, have been caused by their own action or inaction.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff provided prior express consent within the meaning of the TCPA, and did not properly revoke said consent for the alleged text messages at issue.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative class, premised on violations of the TCPA, are barred to the extent that the phone number that was allegedly sent text messages is not a residential phone number.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative class, premised on violations of the TCPA, are barred to the extent Defendant had an established business relationship with Plaintiff, as well as with members of the putative class.

### SEVENTH AFFIRMATIVE DEFENSE

The statutory penalties sought by Plaintiff and members of the putative class are excessive and thus violate the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

This action is not maintainable as a class action, and relief on a class-wide basis is not appropriate because Plaintiff cannot establish the facts and prerequisites necessary for the maintenance of a class action.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class are barred, in whole or in part, by the doctrine of waiver.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff or any member of the putative class are estopped by their conduct from asserting each of the causes of action upon which they seek relief.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims are barred to the extent that they are untimely under any applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims are barred from being asserted in this Court to the extent that they are subject to any dispute-resolution procedure, including any arbitration clause.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of any future putative class members are barred, in whole or in part, to the degree it is found that they failed to mitigate their damages, including through prompt and proper opt-out requests and/or other communications with Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he agreed to be contacted at his phone number as part of a bargained-for contractual exchange, and the TCPA does not permit one party to unilaterally modify the parties' contractual arrangement.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of any future putative class members are barred, in whole or in part, to the degree it is found alleged calls and/or messages, if any, were made for a valid purpose, including but not limited to pursuant to prior express or prior express written consent and/or in response to an inquiry or request or otherwise informational and did not constitute advertisement or telemarketing.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any and all actions by Defendant were made in good faith, or with a reasonable belief that they were lawful.  Among other things, any calls or text messages made or sent by Defendant were made or sent under a good faith belief that Defendant had obtained the prior express consent and/or prior express written consent required under applicable law and that no revocation of that consent had occurred.  Further, to the extent the Court finds Defendant is liable under the TCPA for calls made or text messages sent to Plaintiff or any future putative class members, which Defendant denies, Defendant did not act willfully or knowingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Office Depot has established and implemented reasonable practices and procedures to effectively prevent telephone calls or text messages in violation of the TCPA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent any violations of the TCPA took place, which Office Depot expressly denies, said violations were not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors, and thus create an exception barring any claim under the TCPA.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members are precluded from bringing this case as a class action to the extent that they agreed to the terms and conditions of the use of Office Depot's website for any purpose, which included a waiver of the right to participate as a class representative or class member in any action against Office Depot reporting any class claim Plaintiff and/or the putative class members may have against Office Depot.

**TWENTIETH AFFIRMATIVE DEFENSE**

This suit may not be properly maintained as a class action because: (1) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) Plaintiff is not an adequate representative for the alleged putative class; and (7) Plaintiff cannot satisfy the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional.

Office Depot opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Office Depot's objection, then Office Depot asserts the affirmative defenses set forth herein against each and every member of the certified class.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of any future putative class members are barred to the extent they fall within the safe harbor for calls post-reassignment of the telephone number or to the extent Plaintiff and the putative class members did not themselves receive calls or messages.

**RESERVATION OF RIGHT TO PLEAD
ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES**

Defendant does not presently know all of the facts and circumstances regarding Plaintiff's Complaint. Defendant, therefore, reserves the right to plead additional defenses, including affirmative defenses, as the case proceeds and additional information is discovered, and to amend its Answer accordingly.

*WHEREFORE*, Defendant, Office Depot, LLC, having answered the allegations of the Complaint and asserting affirmative defenses thereto that bar recovery, requests judgment in its favor on Plaintiff's Class Action Complaint, including an award to Defendant for its expenses (including reasonable attorneys' fees and costs), and for any and all additional relief that this Court deems just and proper.

Submitted March 24, 2025.

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
200 East Broward Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
*Counsel for Defendant, Office Depot, LLC*

By: */s/ Eve A. Cann*
    Eve A. Cann
    Florida Bar No.: 40808
    ecann@bakerdonelson.com
    Rebecca N. Reynolds
    Florida Bar No.: 1048963
    rreynolds@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2025, I served a copy of the foregoing electronically via CM/ECF to all parties/attorneys on the list to receive notice in this case, including but not limited to the following:

Ari R. Kaufman, Esq.
Rachel E. Kaufman, Esq.
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
kaufman@kaufmanpa.com
rachel@kaufmanpa.com
*Counsel for Plaintiff and the Class*

                                              */s/ Eve A. Cann*
                                              Eve A. Cann